277079

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CASE NO.:   3:23CV-172-DJH

SHELTER MUTUAL
INSURANCE COMPANY                                                                                    PLAINTIFF

v.          **COMPLAINT FOR DECLARATORY JUDGMENT**
                                (electronically filed)

MARK MORAN, III, Individually, and
ALLIANCE HANDYMAN & ROOFING, by
and through its Agent, Mark Moran, III                                                          DEFENDANTS

Plaintiff, Shelter Mutual Insurance Company ("Shelter"), by and through counsel, and for its Complaint for Declaratory Judgment, states as follows:

**STATEMENT OF CASE**

1. Plaintiff brings this action to obtain declaratory judgment that Shelter has no duty to defend or indemnify Mark Moran, III, doing business as Alliance Handyman & Roofing, in connection with a lawsuit filed in the Circuit Court for the Thirtieth Judicial Circuit, Jefferson County, Kentucky and captioned, *Estate of Rogelio Lopez, by and through his Personal Representative, Scott J. Barton v. Mark Moran, III, Individually and Alliance Handyman & Roofing, by and through its Agent, Mark Moran, III*, Case No. 22-CI-6561 ("Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached hereto as Exhibit 1.

**JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

3. Plaintiff, Shelter, is a corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

4. Defendant, Mark Moran, III is a citizen and resident of the Commonwealth of Kentucky.

5. Defendant, Alliance Handyman & Roofing, is an unlicensed entity doing business in Kentucky with its principal place of business in Louisville, Jefferson County, Kentucky. Alliance Handyman & Roofing is not registered with the Kentucky Secretary of State. Alliance Handyman & Roofing operates by and through its agent Mark Moran, III, and service is proper on Alliance Handyman & Roofing by and through its agent Mark Moran, III.

6. Defendants Mark Moran, III and Alliance Handyman & Roofing are hereinafter collectively referred to as "Moran."

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, as Shelter seeks a declaration of the parties' rights and obligations under the policy issued by Shelter.

8. Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Shelter and Moran, and the amount in controversy, including the potential costs of both defending and indemnifying Moran in the Underlying Lawsuit, exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this juridical district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant is a resident of this District, and all events or omissions giving rise to the Underlying Lawsuit occurred within this District.

**UNDERLYING LAWSUIT**

10. The Complaint in the Underlying Lawsuit was filed on January 3, 2023.

11. The Complaint alleges, in pertinent part, Moran was responsible for the roofing replacement worksite located at 2756 7th Street, Louisville, Kentucky, and that on or before April 16, 2021, Moran sought the labor of Rogelio Lopez, decedent, to assist with the roofing

replacement worksite.

12. The Complaint further alleges that, while Lopez was working for Moran, he fell through a skylight at the roofing replacement worksite, and subsequently died.

13. The Complaint seeks compensatory damages arising from Moran's acts and omissions as Lopez's employer.

14. Upon information and belief, Lopez was a 1099 non-payroll worker of Moran.

15. Although Shelter believes it has no obligation to defend or indemnify Moran in the Underlying Lawsuit, it is presently defending Moran subject to its reservation of rights and will continue to do so until it receives a ruling addressing its coverage obligations, but subject to Shelter's continued reservation of rights.

## SHELTER POLICY

16. Shelter issued Policy No. 16-31-4931065-1 ("Policy") to Moran effective from January 25, 2021 to January 7, 2022. A true and correct copy of the Policy is attached hereto as Exhibit 2.

17. Any words, numbers, letters, or terms in bold font in the numerical paragraphs of this Complaint indicate that the words, numbers, letters, or terms are defined in the definitions section of the Policy or denoted in bold font within the Policy.

18. Under the Policy, commercial general liability coverage is provided under three primary insuring agreements: A. Bodily Injury and Property Damage Liability; B. Personal and Advertising Injury Liability; and C. Medical Payments.

19. Coverage A. Bodily Injury and Property Damage Liability contains the following insuring agreement:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance

applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

20. Coverage A. Bodily Injury and Property Damage Liability contains the following exclusion:

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

   **(a)** Employment by the insured; or

   **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability assumed by the insured under an "insured contract".

21. Coverage B. Personal and Advertising Injury Liability contains the following insuring agreement:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. …

22. Coverage C. Medical Payments contains the following insuring agreement:

We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

4

 **(2)** On ways next to premises you own or rent; or

 **(3)** Because of your operations; provided that:

  **(a)** The accident takes place in the "coverage territory" and during the policy period;

  **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

  **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

23. Coverage C. Medical Payments contains the following exclusion:

 **b. Hired Person**
 To a person hired to do work for or on behalf of any insured or a tenant of any insured.

24. The Policy contains the following definitions:

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

…

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

 **a.** False arrest, detention or imprisonment;

 **b.** Malicious prosecution;

 **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

 **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

## GROUNDS FOR DELARATORY JUDGMENT

25.   An actual controversy exists between Shelter, on the one hand, and Moran, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – e. EMPLOYER LIABILITY EXCLUSION PRECLUDES COVERAGE UNDER COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

26.   Shelter restates and incorporates by reference each and every allegation set forth above as if fully set forth herein.

27.   The **e. Employer's Liability** Exclusion in the Policy precludes coverage for any "bodily injury" to an employee of Moran arising out of and in the course of employment by Moran or while performing duties related to the conduct of Moran's business, regardless of whether Moran may be liable to the Estate of Lopez as an employer or in any other capacity.

28.   The **e. Employer's Liability** Exclusion precludes coverage to W-2 employees, 1099 non-payroll workers, independent contractors, and individuals performing work under any other capacity.

29.   To the extent any "bodily injury" is alleged in the Underlying Lawsuit, Exclusion **e. Employer's Liability** precludes coverage because the Policy does not provide coverage for any

liability arising, directly or indirectly, from Lopez's employment with Moran, as is alleged in the Underlying Lawsuit.

30. As a result, Shelter has no duty to defend or indemnify Moran for the claims set forth in the Underlying Lawsuit.

### COUNT II – NO "PERSONAL AND ADVERTISING INJURY"

31. Shelter restates and incorporates by reference each and every allegation set forth above as if fully set forth herein.

32. Subject to all of its terms, the Policy provides coverage for "damages" because of "personal and advertising injury" as those terms are defined and used in the Policy.

33. The Underlying Lawsuit does not allege "personal and advertising injury," as that term is defined in the Policy.

34. Therefore, Shelter does not owe any defense or indemnity obligations to Moran under the "personal and advertising injury" coverage of the Policy for the claims in the Underlying Lawsuit.

### COUNT II – b. HIRED PERSON EXCLUSION PRECLUDES COVERAGE UNDER COVERAGE C. MEDICAL PAYMENTS

35. Shelter restates and incorporates by reference each and every allegation set forth above as if fully set forth herein.

36. The **b. Hired Person** Exclusion in the Policy precludes coverage for any expenses for "bodily injury" to a person hired to do work for or on behalf of Moran.

37. The Underlying Lawsuit alleges Lopez was an employee of Moran.

38. Upon information and belief, Lopez was a 1099 non-payroll worker of Moran.

39. To the extent any "bodily injury" is alleged in the Underlying Lawsuit, Exclusion **b. Hired Person** precludes coverage because the Policy does not provide coverage for any

7

expenses for "bodily injury" to a person hired to do work for or on behalf of Moran, as is alleged in the Underlying Lawsuit.

40. As a result, Shelter has no duty to defend or indemnify Moran for the claims set forth in the Underlying Lawsuit.

## RESERVATION OF RIGHTS

41. The Policy contains terms, conditions, and exclusions that may be relevant to the Underlying Lawsuit, but that are not currently addressed in this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by Shelter of any coverage defenses at law, in equity, or under the Policy. Shelter continues to reserve all rights with respect to any **Claim** for coverage made under the Policy where appropriate and waives none.

## JURY DEMAND

42. Shelter has not identified any disputed facts warranting a jury trial, but should any factual dispute arise that must be resolved by a trier of fact, then Shelter demands a trial by jury for all claims so triable.

WHEREFORE, Plaintiff, Shelter Mutual Insurance Company, respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that Shelter has no duty to defend Mark Moran, III, doing business as Alliance Handyman & Roofing, in the underlying Lawsuit;

B. Declare that Shelter has no duty to indemnify Mark Moran, III, doing business as Alliance Handyman & Roofing, in the underlying Lawsuit;

C. Declare that the policy of insurance issued by Shelter to Mark Moran, III, doing business as Alliance Handyman & Roofing, does not provide coverage for the allegations and consequent damages alleged in the Underlying Lawsuit;

  D. A determination that Shelter Mutual Insurance Company has no duty, liability or obligation under the Policy or any other policy of insurance in connection with the incidents alleged in the Underlying Lawsuit;

  E. An order and adjudication that Shelter Mutual Insurance Company is not obligated to defend any suit brought on behalf of the Estate of Rogelio Lopez against Mark Moran, III, individually and Alliance Handyman & Roofing, arising out of the incidents alleged in the Underlying Lawsuit;

  F. An order that Shelter Mutual Insurance Company is not obligated to pay any costs taxed in the Underlying Lawsuit;

  G. An order that Shelter Mutual Insurance Company is not liable to pay on behalf of the Mark Moran, III or any other defendants in the Underlying Lawsuit or any other action sums which may be obligated to be paid as damages to the Estate of Rogelio Lopez or others as a result of the allegations set forth in the Underlying Lawsuit; and

  H. Grant Shelter Mutual Insurance Company its costs, a trial by jury, and any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

         Respectfully submitted,

         KEULER, KELLY, HUTCHINS,
         BLANKENSHIP & SIGLER, LLP
         100 South 4th Street, Suite 400
         Paducah, KY 42001
         Phone: (270) 448-8888
         Fax: (270) 448-0998
         jsigler@kkhblaw.com

         By: /s/ James A. Sigler
           James A. Sigler, Esq.
           James P. Landry, Esq.